UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHAALEN ALEXANDRA RIALL,<br><br>Defendant. | CASE NO. CR04-271 TSZ<br><br>PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on August 10, 2005. The United States was represented by Sue Harrison. The defendant was represented by Alison Holcomb. The proceedings were recorded on disk.

## CONVICTION AND SENTENCE

Defendant had been convicted of Bank Fraud on or about September 24, 2004. The Hon. Thomas S. Zilly of this court sentenced Defendant to 90 days of confinement, followed by 5 years of supervised release.

The conditions of supervised release included requirements that defendant comply with the standard 13 conditions.

## DEFENDANT'S ADMISSION

USPO Jerrod Akins alleged that Defendant violated the conditions of supervised release in 6 respects:

PROPOSED FINDINGS
PAGE -1-

(1) Failing to complete 180 days in a community corrections center, in violation of the special condition that she reside in and satisfactorily participate in a Community Corrections Center and/or Comprehensive Sanctions Center program as a condition of supervised release for up to 180 days;

(2) Associating with a convicted felon, Michael A. Carter, on July 25, 2005, in violation of standard condition No. 9;

(3) Committing the crime of making a false statement on July 25, 2005, in violation of the general condition that she not commit another federal, state, or local crime;

(4) Possessing a firearm on July 25, 2005, in violation of the general condition that she not possess a firearm, destructive device, or any other dangerous weapon;

(5) Possessing drug paraphernalia on July 25, 2005, in violation of standard condition No. 7; and

(6) Possessing an identification in someone else's name, in violation of the special condition that she not obtain or possess any driver's license, social security number, birth certificate, passport, or any other form of identification in any other name other than her true legal name, without prior written approval of her probation officer.

At an initial hearing, I advised the defendant of these charges and of her constitutional rights. At today's hearing the Defendant admitted the violations Nos. 1 and 3, waived any hearing as to whether they occurred, and agreed to resolve the remaining violations Nos. 2, 4, 5, and 6 at an evidentiary hearing before the Hon. Thomas S. Zilly.

### RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that Defendant has violated the conditions of her supervised release as alleged in violations Nos. 1 and 3; and set the matter for a evidentiary hearing on all remaining allegations.

//

//

//

PROPOSED FINDINGS
PAGE -2-

Defendant has been detained pending a final determination by the court.

DATED this 17th day of August, 2005.

*[signature: M J Benton]*

Monica J. Benton
United States Magistrate Judge

cc: Sentencing Judge         : Hon. Thomas S. Zilly
    Assistant U.S. Attorney  : Sue Harrison
    Defense Attorney         : Alison Holcomb
    U. S. Probation Officer  : Jerrod Akins

PROPOSED FINDINGS
PAGE -3-